658 A.2d 686

ATTORNEY GRIEVANCE COMMISSION
of Maryland, Petitioner,

v.

James E. CRAWFORD, Sr., Respondent.

Misc. (Subtitle BV) No. 12, Sept. Term, 1995.

Court of Appeals of Maryland.

May 25, 1995.

## ORDER

This matter came before the Court on the Joint Petition by the Attorney Grievance Commission of Maryland and the Respondent, **JAMES E. CRAWFORD, SR.** The Court having considered the Petition, it is this 25th day of May, 1995,

ORDERED, by the Court of Appeals of Maryland, that **JAMES E. CRAWFORD, SR.,** be and he is hereby suspended indefinitely from the practice of law effective May 25, 1995. It is further,

ORDERED, that **JAMES E. CRAWFORD, SR.** shall, within ten (10) days of the date of this Order, supply to Glenn M. Grossman, Esquire, Assistant Bar Counsel, a list of each of his clients by name, address and telephone number whose legal matters have not been concluded by the Respondent. It is further,

ORDERED, that Respondent, **JAMES E. CRAWFORD, SR.** shall prior to the effective date of this suspension, undertake no further legal matters and further, he shall write to each client whose legal matter has not been concluded of the fact that he is closing his practice effective on the date of the suspension. Further, Respondent shall supply copies of those letters to Glenn M. Grossman, Assistant Bar Counsel. It is further,

ORDERED, that prior to any Petition for Reinstatement, Respondent **JAMES E. CRAWFORD, SR.** shall provide proof

that he has reimbursed every client from whom he has received a legal fee and whose legal matter was not completed by the date of the commencement of the suspension. It is further,

ORDERED, that in addition, Respondent must establish prior to any reinstatement that he is competent, mentally and physically, to resume the practice of law. It is further,

ORDERED, that should Respondent be reinstated at any time in the future, such reinstatement be conditioned upon Respondent having an attorney, satisfactory to Bar Counsel, monitor Respondent's legal practice including having access to client files and attorney escrow accounts maintained by the Respondent, for a period of at least two (2) years with reports by said monitor to Bar Counsel as Bar Counsel shall direct. It is further,

ORDERED, that the Clerk of this Court shall remove the name of **JAMES E. CRAWFORD, SR.** from the Register of Attorneys in this Court effective May 25, 1995 and shall certify that fact to the Trustees of the Clients' Security Trust Fund and the Clerks of all judicial tribunals in the state in accordance with Maryland Rule BV13.